IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **THOMAS J. SIGGERS,**<br><br>        **Plaintiff,**<br><br>    v.<br><br>**THORNTON HIGH SCHOOL DISTRICT 205,**<br><br>        **Defendant.** | **Case No. 12 C 9042**<br><br>**Hon. Harry D. Leinenweber** |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff Thomas Siggers ("Plaintiff") brings this action against his former employer, Thornton High School District 205 (the "District"), alleging three violations of the Age Discrimination in Employment Act (the "ADEA"), 29 U.S.C. § 621 *et seq*. The District has moved for summary judgment. For the reasons stated herein, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

Plaintiff began his employment as a substitute teacher with the District in 1994. By the 2008-2009 school year, Plaintiff (then aged 76) had become one of two "permanent substitutes" working at Thornton High School. As a permanent substitute, Plaintiff reported to work daily regardless of need, unlike ordinary substitutes who were called in only as necessary.

The events leading to this lawsuit took place starting in the spring of 2009. Defendant's Director of Human Resources swears by

affidavit that Plaintiff was advised in the spring of 2009 that he would not be retained as a permanent substitute for the next school year due to concerns about his performance. Plaintiff denies that anyone discussed performance issues with him. Near the end of that school year, a school administrator asked Plaintiff for his mailbox key. In response, he told the administrator that he always kept his key over the summer so that he can collect mail that arrives when school is not in session. The administrator also asked for Plaintiff's keys to the building, even though Plaintiff, as the longest-serving substitute teacher, was responsible for opening locked classroom doors for the other substitutes. Plaintiff turned over the keys despite his ignorance as to why he was being asked for them.

Also, in the spring of 2009, Plaintiff applied for the position of Assistant Principal for Summer School but never received a response. Plaintiff is unable to identify the age or identity of the individual who was hired, but he contends that individual must have had qualifications inferior to his own.

Toward the end of each school year, the District takes inventory of which substitute teachers wish to remain on the substitute list for the next year. It appears that the District sends all current substitute teachers an eligibility form that allows the teacher to indicate whether he would like to remain on the list of substitute teachers in the fall or whether he would

like his name removed from the list. It is undisputed that Plaintiff submitted this form timely from 1994 to 2008 but did not do so in early summer 2009, when the form for the 2009-2010 school year was due.

Confusion ensued when Plaintiff returned to the school in the fall of 2009 to report for work. Although the exact timeline is unclear, it appears that first Plaintiff was informed that his name did not appear on the employee list. He may have been told that he was no longer a permanent substitute because he had not submitted the eligibility form. But then the office declined to provide him with the form, instead telling him that he would be called when the school needed his services. Plaintiff returned to the school a week later trying to work. At one point, a secretary remarked "Mr. Siggers, you weren't supposed to be coming back." Siggers Dep. 23:23-24. At the direction of Wanda Russell, the interim principal, two security guards escorted Plaintiff out of the building. Plaintiff managed to obtain the eligibility form and submit it at the District office, and then his name was added to the list of substitutes. But even then, and even after several teachers requested Plaintiff's services, Plaintiff was told there was no work for him. On one occasion, a regular teacher requested that Plaintiff cover his class, but the secretary told the teacher that Plaintiff was busy (when, in fact, he was on school premises, waiting for work). A younger teacher was offered the opportunity

to cover the class but declined; only then was Plaintiff allowed to work that assignment. Plaintiff asked the secretary what was going on; she responded "I only do what Ms. Russell tells me to do." For the 2009-2010 school year, the school again had two permanent substitutes: the school recalled the other permanent substitute, and Plaintiff was replaced by Russell's nephew, who was in his 20's.

## II.  LEGAL STANDARD

Summary judgment is appropriate where the moving party "shows that there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The Court reviews the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Bahl v. Royal Indem. Co.,* 115 F.3d 1283, 1289 (7th Cir. 1997).

## III.  ANALYSIS

The ADEA makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). While age need not be "the sole factor motivating the employer's decision," the plaintiff must establish "that he would not have been fired but for the employer's motive to discriminate on the basis of age." *McCoy v.*

*WGN Cont'l Broad. Co.,* 957 F.2d 368, 371 (7th Cir. 1992) (internal citation omitted).

A plaintiff may prove age discrimination using either the direct or the indirect (burden-shifting) method of proof. *Cerutti v. BASF Corp.,* 349 F.3d 1055, 1060 (7th Cir. 2003). "Under the direct method of proof, a plaintiff may show, by way of direct or circumstantial evidence, that his employer's decision to take an adverse job action against him was motivated by an impermissible purpose." *Id.* at 1061. Direct evidence could take the form of "an admission by the decisionmaker that the adverse employment action was motivated by discriminatory animus." *Darchak v. City of Chi. Bd. of Educ.,* 580 F.3d 622, 631 (7th Cir. 2009). Direct evidence, if believed by the trier of fact, "prove[s] discriminatory conduct . . . without reliance on inference or presumption." *Cerutti,* 349 F.3d at 1061. But a plaintiff need not provide such "smoking-gun" evidence; he "can also prevail under the direct method of proof by constructing a 'convincing mosaic' of circumstantial evidence that 'allows a jury to infer intentional discrimination by the decisionmaker.'" *Id.* Circumstantial evidence is probative only if it "point[s] directly to a discriminatory reason for the employer's action." *Adams v. Wal-Mart Stores, Inc.,* 324 F.3d 935, 939 (7th Cir. 2003).

A plaintiff lacking both direct and circumstantial evidence of discrimination may proceed under the indirect method's burden

shifting framework, first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The initial burden rests with the plaintiff, whose *prima facie* case consists of four elements: (1) the plaintiff was a member of the protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey,* 597 F.3d 895, 901 (7th Cir. 2010). If the plaintiff establishes those elements, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. *Id.* If the defendant does so, the burden returns to the plaintiff to prove that the stated reason is mere pretext. *Id.*

### A. Failure to Promote

Plaintiff claims that Defendant discriminated against him on the basis of his age when it opted not to promote him to the position of Assistant Principal for Summer School. When asked in his deposition why he thought he was not selected for that position, Plaintiff speculated that the person hired for the job would not have possessed the credentials and experience that he did. Siggers Dep. 33:17-19. He then surmised that his age must have been the reason he did not get the job, and asked rhetorically "if it were not age, what was it?" *Id.* at 34:6-7. Unfortunately for Plaintiff, his suspicion that age may have been a factor is not

shifting framework, first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The initial burden rests with the plaintiff, whose *prima facie* case consists of four elements: (1) the plaintiff was a member of the protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey,* 597 F.3d 895, 901 (7th Cir. 2010). If the plaintiff establishes those elements, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. *Id.* If the defendant does so, the burden returns to the plaintiff to prove that the stated reason is mere pretext. *Id.*

### A. Failure to Promote

Plaintiff claims that Defendant discriminated against him on the basis of his age when it opted not to promote him to the position of Assistant Principal for Summer School. When asked in his deposition why he thought he was not selected for that position, Plaintiff speculated that the person hired for the job would not have possessed the credentials and experience that he did. Siggers Dep. 33:17-19. He then surmised that his age must have been the reason he did not get the job, and asked rhetorically "if it were not age, what was it?" *Id.* at 34:6-7. Unfortunately for Plaintiff, his suspicion that age may have been a factor is not

shifting framework, first set forth in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). The initial burden rests with the plaintiff, whose *prima facie* case consists of four elements: (1) the plaintiff was a member of the protected class; (2) the plaintiff was qualified for the position; (3) the plaintiff was rejected for the position; and (4) the position was given to an individual outside the protected class who was similarly situated or less qualified than he was. *Stockwell v. City of Harvey,* 597 F.3d 895, 901 (7th Cir. 2010). If the plaintiff establishes those elements, the burden shifts to the defendant to articulate some legitimate, nondiscriminatory reason for its action. *Id.* If the defendant does so, the burden returns to the plaintiff to prove that the stated reason is mere pretext. *Id.*

### A. Failure to Promote

Plaintiff claims that Defendant discriminated against him on the basis of his age when it opted not to promote him to the position of Assistant Principal for Summer School. When asked in his deposition why he thought he was not selected for that position, Plaintiff speculated that the person hired for the job would not have possessed the credentials and experience that he did. Siggers Dep. 33:17-19. He then surmised that his age must have been the reason he did not get the job, and asked rhetorically "if it were not age, what was it?" *Id.* at 34:6-7. Unfortunately for Plaintiff, his suspicion that age may have been a factor is not

evidence that age was actually a factor. And Plaintiff's claim is unsupported by any corroborating evidence: the record contains neither inculpatory comments from decisionmakers nor information on the individual who was hired. Although the Court must draw inferences in favor of Plaintiff (the nonmoving party), the Court may not "draw[] inferences that are supported by only speculation or conjecture." *Brown v. Advocate S. Suburban Hosp.,* 700 F.3d 1101, 1104 (7th Cir. 2012). There is no evidence of discrimination sufficient for Plaintiff to succeed under the direct method of proof.

Lacking any evidence of discrimination on this claim, Plaintiff must proceed under the indirect method. Plaintiff has not offered, and the record does not contain, any evidence concerning the person who was hired instead of him, such as that person's age or qualifications. Therefore, he cannot show that the position was given to an individual outside the protected class who was similarly situated or less qualified than he was – the fourth element of his *prima facie* case. *Stockwell v. City of Harvey,* 597 F.3d 895, 901 (7th Cir. 2010). Because Plaintiff has not established his *prima facie* case, the analysis stops and the Court must grant summary judgment for Defendant on this claim.

**B. Termination**

Plaintiff claims that the District discriminated against him on the basis of his age when it chose not to recall him as a

substitute teacher for the 2009-2010 school year. Defendant argues that because Plaintiff submitted this form in the past, his failure to submit the form that year gave it a license to terminate him. Plaintiff contends that Defendant withheld the form from him deliberately, thereby preventing him from completing it and creating a barrier to his continued employment as a substitute teacher.

Plaintiff's strongest evidence is the episode where he was allowed to cover a class where his assistance was requested specifically only after a younger substitute teacher declined the opportunity. This incident tends to show that Defendant discriminated against Plaintiff on the basis of his age. Defendant does not explain or defend this occurrence.

In addition, the record contains circumstantial evidence that, when viewed in the light most favorable to Plaintiff, raises the possibility that Defendant may have tried to terminate Plaintiff covertly for reasons related to his age. Plaintiff denies that administrators ever discussed performance concerns with him, and the record does not contain any write-ups, meeting notes, or other documentation. If indeed Plaintiff was never informed of concerns about his performance, a reasonable jury could find it suspicious that administrators knew in the spring of 2009 – before the eligibility form for the next year was due – to take Plaintiff's keys when they had never done so previously. Given that

administrators knew in the spring that Plaintiff would not be returning, it is odd for the district to argue that Plaintiff's failure to submit the form was the reason he was not recalled.

Further, comments from around that time indicated that some in the school may have been concerned about Plaintiff's health or factored-in his age when giving him work. Then, over the summer, Plaintiff did not receive the all-important form, even though he received it every other year and other teachers did receive the form that year. Given that the form has a spot where a teacher can indicate that he does not wish to remain on the substitute list for the next year, it appears that the school tried to collect the form from every substitute teacher, not just those who made the effort to opt-in. The secretary's comment that she was only following Russell's orders suggests that she had been instructed to prevent Plaintiff from working even once the district had put his name back on the substitute list.

A reasonable jury might view the facts in this light and question why everybody seemed to know, before Plaintiff did, that he was not supposed to return in the fall, or wonder why a long-serving octogenarian had to be escorted from the building. A reasonable jury also could infer from these circumstances that Defendant, concerned about Plaintiff's age and health, intended to implement a non-confrontational plan to prevent Plaintiff from returning as a substitute and thereby discriminate against

Plaintiff on the basis of his age. Plaintiff has demonstrated the presence of genuine disputes as to material facts. Accordingly, the Court denies Defendant's Motion for Summary Judgment as to this claim.

### C. Reduced Pay

Plaintiff alleges that, as a result of age discrimination, his permanent substitute salary of roughly $200 per day was reduced to $100 per day just prior to the 2009-2010 school year. Evidence in the record shows that Defendant paid all substitute teachers, including Plaintiff, pursuant to a pay schedule that established per diem rates. The longer the substitute teacher stayed in the same assignment – whether by serving as a permanent substitute and thus working every school day or by covering for the same regular teacher for an extended period – the higher the per diem rate. For the 2008-2009 school year, Plaintiff served as a permanent substitute and earned the highest per diem rate. The next school year, Plaintiff worked just one day, for which he was paid the corresponding per diem rate (lower than the permanent substitute rate). Plaintiff concedes that he was paid the correct rate under the pay schedule – his real complaint is that he should have been allowed to work more, the same contention discussed above. There is no suggestion that Defendant's pay policy was discriminatory and no evidence that Defendant deviated from its policy when compensating Plaintiff for his work. Thus, as to Plaintiff's claim

that his compensation was reduced for reasons related to his age, the Court grants summary judgment in favor of Defendant.

## IV. CONCLUSION

For the reasons stated herein, Defendant's Motion for Summary Judgment [ECF No. 22] is granted in part and denied in part. To assist Plaintiff with the prosecution of his case at trial, and to give him a fair chance in front of a jury on a claim that has survived summary judgment, and to assist the Court in the efficient resolution of this case, the Court will grant Plaintiff's Motion for Attorney Representation and appoint counsel to represent Plaintiff for the remainder of the proceedings in this Court.

**IT IS SO ORDERED.**

                                      Harry D. Leinenweber, Judge
                                      United States District Court

Date: 8/14/2014